UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN FLEMING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1478 CDP |
| ) | |
| LIBERTY SURPLUS INSURANCE ) | |
| CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs' motion to remand this action to state court. I find that complete diversity is lacking on the face of the state-court petition, and I cannot disregard the citizenship of any party. I also find that realignment would be improper because both plaintiffs, as aligned, have an "actual and substantial conflict" with defendant Liberty Surplus Insurance Corporation. Therefore, remand to state court is warranted.

## I.      Procedural History

In 2008, plaintiff Steven Fleming was seriously injured while working as a maintenance technician at the City Museum. Plaintiff Joseph Wright was Fleming's supervisor at the time. Fleming has alleged that Wright gave him a

brazing torch and instructed him to use it to join pipes connecting a compressor to an air conditioner unit, which caused the compressor to explode.

Fleming sued Wright for his injuries in Missouri state court, alleging Wright had been negligent, and Wright joined the City Museum, his employer, for contribution as a third-party defendant. The state court eventually granted the City Museum's motion for summary judgment and dismissed it from the case.

Defendant Liberty Surplus is the City Museum's insurer. On June 11, 2012, Liberty Surplus filed a declaratory judgment action in this court, asking for a determination that Wright is not an "insured" under the applicable policy and, therefore, is not entitled to a defense or indemnification for Fleming's injuries. Case No. 4:12CV1036. Wright and Fleming have moved to dismiss the declaratory judgment action.

On August 6, 2012, the state court entered judgment for Fleming and against Wright in the amount of $750,000. The day after the award was issued, Wright and Fleming filed the instant action against Liberty Surplus in Missouri state court. Wright sued for breach of contract, and Fleming sued for "equitable garnishment" under Mo. Rev. Stat. § 379.200. Liberty Surplus removed,[1] and Wright and Fleming have moved to remand.

---

[1] Though Liberty Surplus listed 28 U.S.C. §§ 1331, 1332, 1441, and 1446 as the basis for its removal (Notice of Removal, ¶ 1), diversity of citizenship is the only plausible basis for federal subject-matter jurisdiction over this action.

## II.     Discussion

This federal court is a court of limited jurisdiction. The removing party bears the burden of proving federal subject-matter jurisdiction, and any doubts must be resolved in favor of remand. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). For this court to have jurisdiction based on diversity of citizenship, there must be complete diversity, and the amount in controversy must exceed $75,000, exclusive of costs and interest.[2] 28 U.S.C. § 1332(a). *See also* 28 U.S.C. § 1441(a) (defendant may remove any civil action over which federal district court has original jurisdiction). Diversity is complete if no defendant is a citizen of the same state as any plaintiff. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

At first glance, these statutory requirements are not met. Plaintiff Fleming is a citizen of Missouri, and plaintiff Wright, the alleged insured, is a citizen of Illinois. Liberty Surplus is a New Hampshire corporation with its principal place of business in Massachusetts. (Notice of Removal, ¶¶ 6–8) In a "direct action" against an insurer where the alleged insured is not named as a defendant, the insurer retains its own citizenship but is also deemed to share the citizenship of its alleged insured. 28 U.S.C. § 1332(c)(1)(A); *Prendergast v. Alliance Gen. Ins. Co.*, 921 F. Supp. 653, 654 (E.D. Mo. 1996). An equitable garnishment action under

---

[2] There is no dispute that the amount-in-controversy requirement has been met.

Mo. Rev. Stat. § 379.200 is a direct action, *see id.*, and Wright was not named as a defendant, so Liberty Surplus is deemed to be a citizen of Illinois. Because plaintiff Wright and defendant Liberty Surplus are both citizens of Illinois, complete diversity does not exist on the face of the complaint.[3]

Nonetheless, Liberty Surplus argues that this court has jurisdiction because the parties are misaligned. Under Mo. Rev. Stat. § 379.200, an alleged insured like Wright is required to be joined as a defendant, not a plaintiff, and Liberty Surplus contends that he should be realigned for the purpose of the diversity analysis. Plaintiffs disagree that realignment is permitted, but they respond even if Wright were re-aligned as a defendant, he would not consent to removal as required by 28 U.S.C. § 1446(b). For its part, Liberty Surplus argues that Wright's consent to removal is not required because (1) he was not a "properly joined and served defendant" at the time of removal and (2) once realigned, he is merely a "nominal" defendant because no present claim is being sought against him.

This last argument is exactly what prevents realignment in the first place. For the purpose of realignment, the Eighth Circuit has directed the district courts to

---

[3] It does not matter that Wright's breach-of-contract claim against Liberty Surplus would, standing alone, meet the requirement of complete diversity. In diversity jurisdiction cases, "one claim against one nondiverse defendant destroys that original jurisdiction." *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1988). This action is unusual because defendant Liberty Surplus is simultaneously diverse and nondiverse. It has Illinois citizenship for purposes of the equitable garnishment claim but does not have Illinois citizenship for purposes of the breach-of-contract claim. The analysis in this case is similar to actions like *Schacht*, where there are plural defendants. The requirement of complete diversity applies with equal force.

apply the "actual and substantial conflict test." *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10-CV-02063 AGF, 2011 WL 3847401, at *4 (E.D. Mo. Aug. 30, 2011) (citing *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870–71 (8th Cir. 1996)). "[I]f there is any actual and substantial conflict existing" between the parties as aligned, this court may not realign them. *See Wagner*, 367 F.2d at 870–71 (interpreting *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69-70 (1941)).

Each plaintiff, as aligned, has an "actual and substantial conflict" with Liberty Surplus. Wright and Fleming each claim that Liberty Surplus is liable for the $750,000 awarded to Fleming by the Missouri state court. Further, Wright claims that Liberty Surplus breached its contract to him, as alleged insured, by refusing to defend the state-court lawsuit and indemnify him from judgment. Regardless of the truth of these allegations, they demonstrate actual and substantial conflicts, precluding realignment. *See Mo. United Sch. Ins. Council v. Lexington Ins. Co.*, No. 4:10-CV-130 RWS, 2010 WL 1254657, at *3 (E.D. Mo. March 24, 2010) (where insurer was providing a conditional defense to alleged insured under a reservation of rights, there was an actual and substantial conflict between insurer and alleged insured).

Mo. Rev. Stat. § 379.200, the so-called "equitable garnishment" statute, is the source of Fleming's claim against Liberty Surplus. It provides a method for

collecting insurance proceeds by a plaintiff who has obtained a final judgment against an insured defendant. *See Prendergast*, 921 F. Supp. at 654. The statute provides, in relevant part:

> . . . if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200. The parties appear to agree – as do I – that the statutory text requires joinder of the insured as a defendant. *See Prendergast*, 921 F. Supp. at 654. Nonetheless, whether an equitable garnishment claim can proceed when the insured has been joined as a plaintiff is a matter of Missouri law that the state court will be able to address after remand. *See Mazdra v. Selective Ins. Co.*, 398 S.W.2d 841, 845–46 (Mo. 1966).

In *Mazdra*, an injured party obtained a judgment against an insured, then proceeded only against the insurance company under Section 379.200. For the first time on appeal, the defendant insurance company objected to the insured's absence from the suit. The Supreme Court of Missouri held that because the insured's rights could not be affected by the outcome of the case, the insured was not a necessary or indispensable party, so his absence could not be raised for the first time on appeal. *Id.* at 846.

Emphasizing that the issue in *Mazdra* was procedural, the Eighth Circuit has expressed "considerable doubt whether *Mazdra* stands for the general proposition

– 6 –

that the Missouri courts will ignore the plain statutory command" of Section 379.200, requiring the insured to be joined as a defendant. *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993). Under *Glover,* district courts in Missouri have routinely required the joinder of the insured as a necessary party in Section 379.200 actions when a judgment creditor has tried to proceed against the insurance company alone. *See, e.g., Kendall v. N. Assur. Co. of Am.*, No. 2:09-CV-0539 GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) (collecting cases). Here, where the insured is already party to the case – albeit on the wrong side – and realignment is precluded, I decline to decide whether Fleming's claim against Liberty Surplus can proceed without joining Wright as defendant. I am confident the Missouri state court will be better equipped to handle that question. *See Bus. Men's Assur. Co. of Am.*, 992 F.2d at 183 (all doubts about federal jurisdiction must be resolved in favor of remand).

For that reason, it is not necessary to analyze whether Wright, as a defendant, would be a "nominal party" whose consent to removal would not be necessary. *But compare Demann v. Liberty Mut. Fire Ins. Co.*, No. 4:12-CV-990 ERW, 2012 WL 3939827, at *2 (insured who had been properly joined as defendant in Section 379.200 was not "nominal party") *with Jensen v. Allstate Ins. Co.*, 349 S.W.3d 369, 374 (Mo. Ct. App. 2011) (in dicta, properly joined insured was "nominal"); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005) (suggesting a

– 7 –

party only "named to satisfy state pleading rules" is a nominal party). A nominal party is one who "will not be affected by any judgment" and "has nothing at stake in the litigation." *Williams ex rel. McIntosh v. City of Beverly Hills, Mo.*, No. 4:07-CV-661 CAS, 2007 WL 2792490, at *4–*5 (E.D. Mo. Sept. 24, 2007). As plaintiff, Wright claims not only that Liberty Surplus is liable for the judgment Fleming has obtained against him, but also that Liberty Surplus is liable for the attorneys' fees he incurred in defending that lawsuit. He has something at stake in the litigation and cannot be considered a nominal party.

## III. Conclusion

Complete diversity does not exist on the face of the state-court petition, and the parties may not be realigned. Moreover, Wright, as plaintiff, cannot be deemed a nominal party. Therefore, defendant Liberty Surplus has failed to meet its burden of demonstrating that this court has subject-matter jurisdiction over this action.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [#7] is **GRANTED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2012.